# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LARRY JOE BUNCH | ) | CASE NO. 08-11132(1)7 |
| LINDA STRODE BUNCH | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| WAYNE KAPPELL | ) | A. P. NO. 08-1039 |
| REBECCA KAPPELL | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY JOE BUNCH | ) | |
| LINDA STRODE BUNCH | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM-OPINION

This matter came before the Court for trial on the Complaint of Plaintiffs Wayne and Rebecca Kappell against Debtors/Defendants Larry Joe Bunch and Linda Strode Bunch ("Debtors"). The Court reviewed the testimony of the witnesses and the documentary evidence presented by the parties at trial. For the reasons set forth below, the Court will enter the attached Judgment in favor of the Plaintiffs on their Complaint. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**FINDINGS OF FACT**

In 2007 the Plaintiffs contacted the Debtors, the owners of a remodeling business called Touch of Class, to remodel a cabin located on lot 50, South Shady Rest Road, Glasgow, Kentucky. After interviewing the Debtors, Plaintiffs hired them to perform the work.

On May 16, 2007, Plaintiffs gave Linda Bunch a check in the amount of $4,000 as a down payment on the work. The Plaintiffs and Debtors agreed that Debtors would paint the inside and outside of the cabin, remove carpeting, repair electrical and plumbing, install a new bathroom downstairs and tile a section of the cabin upstairs. The total for this work was $37,500. The Kappells gave the Debtors a total of $20,000 initially.

The Debtors began performing some work on the remodeling project. The Plaintiffs were initially pleased with the Debtors' work and asked the Debtors to build and finish a garage on the property. The parties agreed the Debtors would also build a porch on the cabin for the Plaintiffs. The Debtors could not perform most of the work and acted as general contractors on the project and subcontracted out much of the work.

One such subcontractor was Booth Concrete. For $5,500 Booth was to pour a new wall for the basement. The Plaintiffs were not satisfied with Booth's work. The Plaintiffs, however, had paid the Debtors $5,500 for Booth's work but Debtors failed to pay Booth for his work.

Over the course of the first few months following the initial contract between the Plaintiffs and Debtors, the Plaintiffs wrote checks to Debtors totaling over $100,000. All of the checks were cashed by Linda Bunch at the Plaintiffs' bank. The checks were for labor and materials on the cabin remodeling project. However, while the checks were cashed, much of the work was never

performed. Plaintiffs calculated that at least $48,481 of the amount paid to the Debtors was for work that was incomplete or had to be redone.

On or about July 31, 2000, Debtors filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. The Debtors obtained a discharge and continued to do business as a Touch of Class.

On August 13, 2008, the Debtors filed another Petition under Chapter 7 of the United States Bankruptcy Code. Debtors stated in that Petition that their income for 2007 was $207. On the Debtors' 2007 income tax returns Debtors listed gross receipts of $8,830 and adjusted gross income of $207. The Plaintiffs alone had paid the Debtors over $100,000 in 2007.

Mrs. Bunch testified in her Rule 2004 examination that she did not maintain accurate income or expense records for the Debtors' business and that Debtors did not maintain a bank account for a Touch of Class. Mrs. Bunch also acknowledged that there were many inaccuracies in the Debtors' Petition.

Schedule B to the Debtors' Petition failed to accurately list all personal property owned by the Debtors. The Schedules also failed to list various items of home furnishings, a pool table, a piano, two life insurance policies, guns and work equipment. Additionally, Debtor Linda Bunch testified that in 2002 she deeded several mules to her son. The trial testimony, however, established that the mules were still housed by the Debtors at their residence and that Debtors actually owned one of the mules which was not listed on the Petition.

Schedule A to the Debtors' Petition listed the value of their residence as only $94,000. The trial evidence established that the house was undervalued by nearly $100,000. The Debtors'

homeowners' policy listed the replacement value of the home at $228,000 with the value of the contents listed at $159,000.

On December 2, 2008, the Plaintiffs initiated this adversary proceeding with the filing of the Complaint objecting to the Debtors' discharge under 11 U.S.C. §727(a)(3) and(a)(4)(A) seeking a declaration of nondischargeability on the debt owed by the Debtors to the Plaintiffs pursuant to 11 U.S.C. §523(a)(2)(A), (4) and (6).

## CONCLUSIONS OF LAW

Plaintiffs filed this adversary proceeding seeking to buy Debtors' discharge pursuant to 11 U.S.C. §727(a)(3) and (a)(4)(A). The party objecting to discharge bears the burden of proving the objection by the preponderance of the evidence. In re Keeney, 227 F.3d 679, 683 (6th Cir. 2000). The Court finds the Plaintiffs carried their burden of proof on their claims under 11 U.S.C. §727(a)(3)and (a)(4)(a). Success under any of these provisions is sufficient basis for denial of the Debtors' discharge.

Under 11 U.S.C. 727(a)(3) Plaintiffs had to prove that the Debtors concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information, including books, documents, records and papers from which the Debtors' financial condition or business transactions may be ascertained, unless such act or failure to act was justified under the circumstances of the case. The purpose of this provision is to insure that the trustee and creditors receive sufficient information to trace a debtor's financial history for a reasonable period, past to present. In re Trogdon, 111 B.R. 655, 658 (Bankr. N.D. Ohio 1990). If the facts disclose a breach of the debtor's duty to creditors to keep or preserve proper books or records and a debtor fails to establish facts and circumstances to justify the lack of records, a discharge should be denied.

The Plaintiffs easily met their burden. While not sophisticated business people, the Debtors had no business records whatsoever, including bank accounts. It is therefore virtually impossible to trace any of Debtors' business activities through their own records. Fortunately, the Plaintiffs had canceled checks and records of their transactions with the Debtors. Debtors' income tax records simply did not accurately reflect the fact that $100,000 passed through their hands on the Plaintiffs' job. To contend, as Debtors did on their Schedules, that they had only $207 of income for 2007 was simply not credible.

Once it is determined that a debtor's records are inadequate, the burden is on the debtor to establish any justification for it. In re Strbac, 235 B.R. 880 (B.A.P. 6th Cir. 1999). In the case at bar, Mrs. Bunch testified she had fallen off a ladder and suffered a closed head injury which caused her to forget things. The Court finds this testimony insufficient reason to maintain proper business records. Mrs. Bunch bid every job for Touch of Class, which included determining what materials would be used, the cost of the materials and how long the job would last. On the Plaintiffs' job, Mrs. Bunch had the bid figured in detail to the penny. Her reason for the complete absence of maintaining records was unbelievable.

The Court also notes that Mrs. Bunch's testimony regarding her inaccurate record keeping for tax purposes was insufficient. She testified that in 2002 her company performed a job for $146,000. She claimed that she was unaware that for tax purposes she could deduct the cost of materials. She received a $20,000 tax bill for this error. By the time Touch of Class did the job for the Plaintiffs, Debtors should have been well aware of the need for accurate record keeping.

In addition to the pending bankruptcy, Debtors filed two previous bankruptcies. It strains credibility to believe that the Debtors' failure to keep business records was accidental. Accordingly,

the Court will deny Debtors a discharge for failure to maintain records pertaining to their business transactions pursuant to 11 U.S.C. §727(a)(3).

The above finding under §727(a)(3) is sufficient to deny the Debtors' discharge. The Court, however, also finds that Debtors' failure to accurately disclose assets on their Petition is an additional reason to deny discharge pursuant to 11 U.S.C. §727(a)(4)(A). Under this statute, Plaintiffs were required to prove that Debtors made (1) a statement under oath; (2) that was false ; (3) that Debtors knew was false when made; (4) that Debtors fraudulently intended to make the statement; and (5) the statement was materially related to the bankruptcy case. In re Keeney, 227 F.3d at 685.

The requisite false statement may include a false statement or omission in the debtor's Schedules. In re Chalik, 748 F.2d 616 (11th Cir. 1984). The requisite intent may be inferred from the actual circumstances and may include a reckless disregard for the truth. In re Bren, 303 B.R. 610 (B.A.P. 8th Cir. 2004). The false statement is material if it relates to the debtor's business transactions or concerns the discovery of assets. In re Chalik, 748 F.2d at 618; In re Keeney, 227 F.3d at 686.

The number of assets omitted from the Debtors' Schedules, as well as their undervaluation of the real property on the Schedules requires the Court to deny the Debtors a discharge under 11 U.S.C. §727(a)(4)(A). Debtors swore under oath and the penalty of perjury that their Schedules and information therein was accurate. Items omitted from the Debtors' Schedules included a couch, tools for the business, insurance policies, home furnishings and a mule. The omissions and representations were material and either made with reckless disregard for the truth or were

intentionally false. Given the Debtors' lack of credibility and past bankruptcy filings, the Court concludes the omissions are sufficient reason to deny them a discharge.

The Plaintiffs also seek to have the debt owed to them by Debtors for negligent or incomplete work as nondischargeable under 11 U.S.C. §523(a)(2). In order to except a debt from discharge under this statute a creditor must prove (1) the debtor obtained money through a material misrepresentation that at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of the loss. In re Rembert, 141 F.3d 277, 280-81 (6th Cir. 1998). The debtor's intent may be ascertained by looking at the totality of the circumstances and all exceptions to discharge are to be strictly construed against the creditor. Id.

The Plaintiffs met their burden of proof under 523(a)(2)(A). The Debtors misrepresented their true financial situation, failed to reveal their prior lawsuits and bankruptcy filings to the Plaintiffs. Plaintiffs justifiably relied on the Plaintiffs' misrepresentations to their detriment. Had the Plaintiffs known Debtors' true financial situation and their lack of business acumen, they never would have entrusted them with the remodel job on the cabin, nor would they have paid them such large sums in advance for work that was never performed. The evidence of record clearly supports a finding of nondischargeability on the debt.

## **CONCLUSION**

For all of the above reasons, the Court enters Judgment in favor of the Plaintiffs, Wayne and Rebecca Kappell against the Defendants/Debtors Larry Joe Bunch and Linda Strode Bunch. A Judgment accompanies this Memorandum-Opinion.

7

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LARRY JOE BUNCH | ) | CASE NO. 08-11132(1)7 |
| LINDA STRODE BUNCH | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| WAYNE KAPPELL | ) | A. P. NO. 08-1039 |
| REBECCA KAPPELL | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY JOE BUNCH | ) | |
| LINDA STRODE BUNCH | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment is entered in favor of Plaintiffs Wayne and Rebecca Kappell on their Complaint against Defendants/Debtors Larry Joe Bunch and Linda Strode Bunch. Accordingly, the Debtors are denied a discharge pursuant to 11 U.S.C. §727(a)(3) and (4);

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the debt owed by the Debtors to the Plaintiffs is declared nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

This is a final and appealable Judgment and no just reason for delay.